UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAWAN HASSAN FADUL MOHAMED, | CASE NO. 2:26-cv-00181-TL |
| Petitioner, | |
| v. | ORDER ON MOTION FOR TRO AND MOTION TO EXPEDITE |
| IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR and FACILITY ADMINISTRATOR, | |
| Respondents. | |

On January 16, 2026, Petitioner Fawaz Hassan Fadul Mohamed filed an application to proceed *in forma pauperis* (Dkt. No. 1) along with a proposed petition for writ of habeas corpus (Dkt. No. 1-1), a proposed Motion to Expedite Government Response (Dkt. No. 2-2), a proposed Motion for Court-Appointed Counsel (Dkt. No. 1-3), a proposed Motion for Evidentiary Hearing (Dkt. No. 1-4), and a motion for temporary restraining order ("TRO") (Dkt. No. 2). The Court granted Petitioner leave to proceed *in forma pauperis* (Dkt. No. 4), and the proposed motions were posted to the docket (Dkt. Nos. 6, 7, 8).

ORDER ON MOTION FOR TRO AND MOTION TO EXPEDITE - 1

Also on January 16, 2026, the Court issued its standard scheduling order. Dkt. No. 3. The scheduling order requires Respondents to file their return by January 30, 2026, and Petitioner to file his traverse, if any, no later than February 4, 2026, 2026. *Id.* at 2. The scheduling order further orders Respondents to provide Petitioner at least 48 hours' notice prior to any action to move or transfer him from the District or remove him from the United States. This scheduling order was entered pursuant to General Order 10-25, General Order 10-25, found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf. General Order 10-25 was entered on December 18, 2025, after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

Pursuant to the scheduling order, the habeas petition was served on Respondents, who are now are receiving electronic notifications in this action, including notice of all pending motions. *See* Dkt. No. 3 ¶ 4.

Petitioner's Motion to Expedite Government Response asks the Court to "allow. . . this case to be expedited. . . ." Dkt. No. 6 at 1. Because the scheduling order already provides this relief, the Motion to Expedite Government Response (Dkt. No. 6) is DENIED AS MOOT.

Petitioner's Motion for TRO asks the Court to order that he not be moved from Tacoma, Washington, until he is either removed from the United States or released. Dkt. No. 2.

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7.

A party seeking a TRO must establish: (1) a likelihood of success on the merits; (2) a

ORDER ON MOTION FOR TRO AND MOTION TO EXPEDITE - 2

likelihood of irreparable harm in the absence of the preliminary relief; (3) a balancing of equities tips in favor of the injunction; and (4) the injunction is in the public interest. *Winter*, 555 U.S. at 20. These four considerations are known as the "*Winter* factors."

All four *Winter* elements must be satisfied. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022). Here, Petitioner has not satisfied the first element, because he has not provided the Court with information upon which the Court can determine that Petitioner is likely to succeed on the merits of his habeas petition. *See generally* Dkt. Nos. 1, 2. Additionally, the Court does not find that Petitioner is likely to suffer irreparable harm in the absence of a TRO because there is no information suggesting that the Government is planning to move Petitioner out of Tacoma. Therefore, the Motion for TRO is denied. Plaintiff is advised that any future motion for TRO should include more information related to Plaintiff's situation and the reasons for a TRO, so that the Court may consider each of the *Winter* factors.

Accordingly, it is hereby ORDERED:

(1)    The Motion to Expedite Government Response (Dkt. No. 6) is DENIED AS MOOT.

(2)    The motion for TRO (Dkt. No. 2) is DENIED with leave to refile if appropriate.

However, Petitioner is advised that, under Paragraph 5 of General Order 10-25, "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States. All motions for temporary restraining orders must meet the requirements of Federal Rule of Civil Procedure 65 and Local Civil Rule 65."

Dated this 20th day of January, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR TRO AND MOTION TO EXPEDITE - 3